ALEJO MÉNDEZ, Plaintiff and Appellant, *v.* CASINO HIJOS DE BORINQUEN, INC., Defendant and Appellee.

No. 3816.   Argued March 19, 1926.—Decided March 31, 1926.

*Bolívar Pagán* for the appellant.   *Gonzalo Ardín* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein contains the following averments and prayer:

"Third.—That in February, 1924, the plaintiff lent the defendant the sum of $350, the defendant agreeing to return to plaintiff the said sum within four months from the date aforesaid.   The defendant also promised to pay to the plaintiff the expenses, costs and attorney fees in case of any suit for the collection of said amount, and furthermore, to pay interest to the plaintiff at 3% per annum.

"Fourth.—That as hereinbefore stated the time for making the payment has more than expired and the defendant has not paid the

said sum, nor any part thereof, nor the interest, notwithstanding the frequent demands for payment made by the plaintiff.

"Fifth.—That the plaintiff has engaged the services of the undersigned attorney for bringing this action for the sum of two hundred dollars, and also has incurred additional expenses of $25 in endeavoring to collect the said sum.

"In view of the foregoing, the plaintiff prays the court to render judgment sustaining the complaint and adjudging that the defendant pay to the plaintiff the sum of $580.25, that is, the above-mentioned principal, plus the expenses, costs and attorney's fees."

The court below sustained the demurrer for want of jurisdiction and dismissed the action upon the theory that the amount involved did not exceed $500.

■ We quite agree with appellant that ordinarily jurisdiction as dependent upon the amount involved is determined by the amount claimed in the complaint or "the amount for which, in the aspect of the case most favorable to plaintiff, judgment could be rendered on the facts set out." 15 C. J. 753. It may also be conceded that for the purpose of determining the question of jurisdiction in a case of this kind a reasonable attorney's fee should be added to the principal sum claimed to be due. 7 R.C.L. 1054; Civil Code, section 1086.

But plaintiff does not allege the reasonable value of the professional services involved.

■ An attorney, of course, may dictate in advance the terms upon which he will consent to take a case. The client is at liberty to pay for such services, if he so elects, a sum out of all proportion to the amount involved. But a defendant who has undertaken to pay all costs, disbursements and attorney's fees in addition to the principal obligation assumed by him without fixing the amount of such attorney's fees is not a party to the contract between plaintiff and his attorney and is not bound thereby beyond the reasonable value of the services actually rendered or to be rendered. It follows that any sum so agreed upon in excess of such reasonable value

can not be considered in determining the jurisdictional amount and must be regarded as having been alleged only for the purpose of bringing the case apparently within the jurisdiction of the court. In such circumstances the court has a right to protect itself and the defendant by declining to accept the total amount so claimed as conclusive upon the question of jurisdiction.

Giving plaintiff herein the benefit of every reasonable doubt, we are persuaded that one-half of the amount specified as attorney's fees would be a most liberal estimate of what could be recovered on a *quantum meruit*.

The judgment appealed from must be affirmed.